**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James VAN BUREN,
Defendant-Appellant.**

No. 74–1255.

United States Court of Appeals,
Tenth Circuit.

Feb. 18, 1975.

Rehearing Denied March 5, 1975.

Certiorari Denied June 2, 1975.

See 95 S.Ct. 2402.

**1328**

Robert L. Pitler of Levine, Pitler & Westerfeld, Denver, Colo., for defendant-appellant.

James L. Treece, U. S. Atty., and David T. Fisher, Asst. U. S. Atty., Denver, Colo., for plaintiff-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

LEWIS, Chief Judge.

Defendant was charged in a two-count indictment with violations of 21 U.S.C. § 841(a)(1), the unlawful distribution of cocaine. He was acquitted on Count 1, an incident alleged to have occurred in Aspen, Colorado, and found guilty on Count 2, a transaction occurring in Denver. He appeals from the judgment and sentence imposed on the second count.

■ Defendant's appellate claims of trial error are two-fold neither being complex or meritorious. First, a fatal variance between the charge and proof is asserted premised upon a charge alleging the distribution of cocaine and proof of distribution of cocaine hydrochloride. We take judicial notice of the fact that cocaine hydrochloride is a prohibited drug under the subject statute and that no variance is present. Jordan v. United States, 10 Cir., 345 F.2d 302. *And see* United States v. Mills, 149 U.S.App.D.C. 345, 463 F.2d 291, 296 n.27.

■ In submitting the case to the jury, the trial court instructed on the so-called "procuring agent" defense.[1] Defendant testified that his activity in the procuring and distribution of the drug was simply that of a conduit, "non-profit" procuring agent. His testimony was not rebutted nor did the government object to the instruction. The instruction, though erroneous,[2] was clearly favorable to the defendant and thus does not require reversal. Killian v. United States, 368 U.S. 231, 258, 82 S.Ct. 302, 7 L.Ed.2d 256. The instruction did not, as in Michaud v. United States, 10 Cir., 350 F.2d 131, insert a confusing and false issue into the case to the detriment of the defendant.

Affirmed.

1. "You are further informed if you find that the actual purchaser of the drugs was a narcotics agent or an informer of the agent who requested the defendant James Van Buren to obtain the drugs and that the defendant James Van Buren did not himself furnish the drugs but obtained them from another, and that the defendant did not profit from the proceeds, then you must find the defendant not guilty as to that count."

2. United States v. Marquez, 10 Cir., 511 F.2d 62, dec. February 10, 1975, and cases cited.