**UNITED STATES**

v.

**Private (E-2) Tad L. ATHERTON, 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, U. S. Army, Company A, 1st Battalion, 16th Infantry, APO 09046.**

**SPCM 10727 \*.**

U. S. Army Court of Military Review.

28 July 1975.

Appellate counsel for the Accused: CPT Frederick G. Boynton, JAGC; CPT Gordon R. Denison, JAGC; LTC James Kucera, JAGC.

Appellate counsel for the United States: CPT Laurence M. Huffman, JAGC; CPT Richard A. Gallivan, JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

SNEEDEN, Chief Judge:

CASE SUMMARY

The accused stands convicted of possession of heroin in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Tried by military judge sitting alone in a special court-martial, he was sentenced to be discharged from the service with a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $217.00 pay per month for six months, and reduction to E-1. At no time during the trial did the trial counsel ask the military judge to take judicial notice of paragraph 4-2, Army Regulation 600-50, as modified by Change 2, dated 19 April 1973, the regulation the accused is convicted of having violated. The military judge did not, on his own motion, formally judicially notice the Regulation on the record. Attached to the staff judge advocate's review is the statement of the military judge made after trial in which he states that he in fact considered the Regulation.

ISSUE

Is the evidence sufficient to support a violation of a general regulation where no

* Consult Table of Cases in Bound Volume by Name of Accused for appellate history.

evidence of the existence of the regulation is introduced and the record does not affirmatively indicate that the military judge took judicial notice thereof?

## DECISION

There are two recent cases on this issue reaching opposite conclusions. In the Army case, the evidence was found to be insufficient to establish the offense of violating a general regulation. The trial counsel failed to ask the military judge to take judicial notice of the regulation and the record of trial was silent on the question of whether the military judge considered the regulation on his own motion. The Army Court of Military Review held that the findings of guilty did not establish that the military judge judicially notice the regulation. *United States v. Hayes*, 45 C.M.R. 669 (ACMR 1972). A year later the same issue was decided the other way by the Air Force Court of Military Review. *United States v. Levesque*, 47 C.M.R. 285 (AFCMR 1973), *pet. denied* 48 C.M.R. 1000 (1973). The Court reasoned that it is usual and better practice in military trials for the side requesting the military judge to take judicial notice to do so affirmatively and on the record. Though the record again lacked any notation of judicial notice by the military judge of the regulation, the Court held the evidence was sufficient, because it may be safely assumed in a trial by judge alone that the military judge had before him a copy of the specifications containing the correct citation to the regulation and the regulation in question was an Air Force regulation commonly known to all Air Force members.

■ Just as it is not required that the judge instruct himself on the law for the record when sitting alone prior to findings, we are satisfied that he judicially noticed the Army Regulation of which the accused was charged with violating. Although not applicable to military trials now, the new Federal Rules of Evidence provide a pertinent analogy to this problem. Rule 201 specifically permits a trial judge, in his discretion, to take judicial notice of a fact whether requested or not when such fact is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Public Law 93–595, 88 Stat.1926. There is no danger in this case that the defense counsel could be misled concerning the issue. The regulation judicially noticed by the military judge was alleged in the specification of which the accused stands convicted. Further it is common knowledge in the Army that possession of heroin is a violation of a regulation. We do believe it necessary to strongly indorse the procedure for judicial notice commonly used in military trials. Until such time as paragraph 147a, Manual for Courts-Martial, United States, 1969 (Revised edition), is changed the military judge and counsel at trial should follow the procedure set forth there.

■ The statement of the military judge attached to the review serves no purpose. Comment is required for one reason. The military judge authenticated the record of trial on 13 September 1974 as a verbatim record of trial. His statement filed later with the staff judge advocate's review on the issue of judicial notice we reject and did not consider.

The findings of guilty and the sentence are affirmed. However, the forfeitures shall apply only to pay becoming due on and after the date of the convening authority's action.

Senior Judge CARNE and Judge MITCHELL concur.