UNITED STATES, Appellee,

v.

James A. WILLIAMS, Private U. S.
Army, Appellant.

No. 31,455.
CM 433875.

U. S. Court of Military Appeals.

May 31, 1977.

Captain Robert D. Jones argued the cause for Appellant, Accused. With him on the brief were Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock, Major Benjamin A. Sims, Captain Michael R. Caryl, and Captain Sammy S. Knight.

Captain William C. Kirk argued the cause for Appellee, United States. With him on the brief were Colonel Thomas H. Davis,

*Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr.,* and *Captain Conrad J. Rybicki.*

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was convicted of larceny and sale of marihuana in violation of Articles 121 and 92(1), Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 892(1), respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 10 months, forfeiture of $250.00 pay per month for 10 months, and reduction to the grade of Private E–1. The convening authority and the Army Court of Military Review approved the findings and sentence without modification. We undertook review of this case to determine whether the evidence is insufficient as a matter of law to establish that the appellant failed to obey a lawful general regulation (Additional Charge I, sale of marihuana) because the prosecution failed to prove the existence of the regulation allegedly violated.[1]

■ As noted, the appellant was charged with a violation of Article 92(1), UCMJ, a general article not specific unto itself. In order to be used as a basis for a crime, the regulation, in this instance Army Regulation 600–50, must be projected into Article 92(1) to give it substance so as to meet the test of a criminal act. Examination of the elements of proof for a violation of Article 92(1) demonstrates that the government must prove: (1) the existence of the regulation at the time of the alleged act; (2) the duty or obligation of the accused to obey it; and (3) the violation, or failure to obey by the accused, of the provisions of the regulation. *See* paragraph 171 *a,* Manual for Courts-Martial, United States, 1969 (Rev.). Clearly then, the government must introduce into evidence the specific regulation which breathes life into Article 92(1) to successfully prosecute any alleged violation. We cannot accept the proposition that as the charge sheet

enumerates the regulation, the government has met its burden as to these facets of the case, for it must be proven that the regulation in question existed at the date and time of the alleged violation, and that both the accused and his act(s) were within the proscription of the same regulation. The defense at trial must be given an opportunity to be confronted with the regulation, and attack it in the same manner as any other element. *United States v. Hayes,* 45 C.M.R. 669 (A.C.M.R.1972).

■ In this case, the trial counsel neither introduced a copy of the regulation into evidence nor requested that the trial judge judicially notice it. Counsel for the government further acknowledge that the record fails to demonstrate that the trial judge took judicial notice of the regulation on his own motion. Although conceding that "the existence of AR 600–50 was an essential element of proof in the instant case and further that the regulation was neither introduced nor judicially noted on the record," counsel for the government argue that there was no failure of proof as the trial judge must have sub silentio considered the regulation's existence in arriving at his findings. This is a proposition that we cannot accept. Clearly where the matter to be judicially noticed is essential to the case in order for the act to become criminal, it must be reflected in the record of trial and cannot be later assumed. *Garner v. Louisiana,* 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961).

■ Counsel for the government counterargue that it may be "safely assumed" that a trial judge sitting alone would have a copy of the specification containing the correct citation to the particular regulation, and that as the matters contained in the regulation are "commonly known" to all service personnel, it is safe to presume that the regulation was, in fact, properly judicially noticed. *See United States v. Atherton,* 1 M.J. 581 (A.C.M.R.1975); *United*

---

1. An additional issue testing court-martial jurisdiction over this offense under our decision of *United States v. McCarthy,* 2 M.J. 26 (1976), was granted; however, our disposition of this issue makes it unnecessary for us to address that matter.

*States v. Levesque,* 47 C.M.R. 285 (A.F.C. M.R.1973). We feel that both the government counsel and the decisions of the courts of review relied upon misperceive the question.[2] Judicial notice is a procedure for the adjudication of certain facts or matters without the requirement of formal proof. Paragraph 147a, MCM. It cannot, however, be utilized as a procedure to dispense with establishing the government's case. *See* McCormick, Evidence §§ 328–35 (2d ed. 1972). Absent clear indication on the record that the trial judge properly judicially noticed a regulation in a prosecution for a violation of Article 92(1), we must hold that the judge did not have before him any evidence that what the accused did was a crime. For as Mr. Chief Justice Warren stated in *Garner v. Louisiana, supra,* 368 U.S. at 173, 82 S.Ct. at 256:

> There is nothing in the records to indicate that the trial judge did in fact take judicial notice of anything. To extend the doctrine of judicial notice to the length pressed by the respondent would require us to allow the prosecution to do through argument to this Court what it is required by due process to do at the trial, and would have 'to turn the doctrine into a pretext for dispensing with a trial.' *Ohio Bell Telephone Co. v. Public Utilities Comm.,* 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093. Furthermore, unless an accused is informed at the trial of the facts of which the court is taking judicial notice, not only does he not know upon what evidence he is being convicted, but, in addition, he is deprived of any opportunity to challenge the deductions drawn from such notice or to dispute the notoriety or truth of the facts allegedly relied

upon. Moreover, there is no way by which an appellate court may review the facts and law of a case and intelligently decide whether the findings of the lower court are supported by the evidence where that evidence is unknown. Such an assumption would be a denial of due process. *Ohio Bell, supra.*

As the evidence of record is legally insufficient to sustain a finding of guilty of failure to obey a lawful general regulation, we are required to dismiss that charge. The decision of the United States Army Court of Military Review as to Additional Charge I and its specification is reversed and the finding of guilty of that Charge and specification is set aside. The same is ordered dismissed. The record is returned to the Army Court of Military Review for sentence reassessment in light of this opinion.

Judge PERRY concurs.

COOK, Judge (dissenting):

Paragraph 147a, Manual for Courts-Martial, United States, 1969 (Rev.), sets forth the following on the matter of judicial notice:

> *Unless* the matter to be judicially noticed is one of universal knowledge or one of common knowledge in the armed forces of the United States or is a judicially noticeable signature, seal, or inked stamp, a party desiring the court to take judicial notice of a matter should ask the court to do so, at the same time presenting for the court's consideration the source of information upon which he relies with respect to the matter. . . .

---

2. The government's argument tracks the philosophy expressed by the courts of review in *United States v. Atherton,* 1 M.J. 581 (A.C. M.R.1975) and *United States v. Levesque,* 47 C.M.R. 285 (A.F.C.M.R.1973). As detailed above, we find this position untenable, and can only wonder at the courts of review decisions in light of the Supreme Court's opinion in *Garner v. Louisiana,* 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961), which had been wholeheartedly adopted by the Army Court of Review just 3 years earlier in *United States v. Hayes,* 45 C.M.R. 669 (A.C.M.R.1972). Not only

are the former cases at odds with *Garner v. Louisiana, supra,* but this position also fails to comport with the provisions of paragraph 147a, Manual for Courts-Martial, United States, 1969 (Rev.), a valid rule of trial procedure and mode of proof prescribed under Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836. Similarly, our examination of Fed.R.Evid. 201 does not compel the result reached in either *Atherton* or *Levesque.* To the extent that *Atherton* and *Levesque* are inconsistent with the views expressed herein, these decisions are not to be followed.

If a writing is used by the court in aiding it to take judicial notice of a matter, the record should indicate that the writing was so used, and, unless it is a statute of the United States, an executive order or proclamation of the President of the United States, or an official publication of the Department of Defense, the Departments of the Army, Navy, or Air Force, or the Headquarters of the Marine Corps or Coast Guard, the writing, or pertinent extracts therefrom, should be included in the record of trial as an exhibit. [Emphasis added.]

As the present case involves a regulation promulgated by the Department of the Army, the quoted Manual provision would not, by its terms, require a party to request that judicial notice be taken of the regulation. Furthermore, while this Court has held that the better practice is to note specifically that judicial notice has been taken of an item of other forms of evidence, the Court has not required the utterance of the operative verbiage. *United States v. Uchihara,* 1 U.S.C.M.A. 123, 2 C.M.R. 29 (1952); *United States v. McCrary,* 1 U.S.C. M.A. 1, 1 C.M.R. 1 (1951). *See United States v. Culp,* 14 U.S.C.M.A. 199, 33 C.M.R. 411 (1963), where this Court took judicial notice of the training of officers.[1] *See generally United States v. Johnson,* 7 U.S.C. M.A. 488, 22 C.M.R. 278 (1957); *United States v. Weiman,* 3 U.S.C.M.A. 216, 11 C.M.R. 216 (1953).

However, relying on *Garner v. Louisiana,* 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961), the majority conclude that an appellate court can never assume a military judge, sub silentio, considered the existence of a regulation. I do not read *Garner* as restrictively as the majority. To support the defendant's conviction, the Government argued in *Garner* that the High Court should assume the trial judge judicially noted various sociological factors existing in the South which would give rise to the inference that the black defendants' attempt to obtain service at a lunch counter reserved solely for whites would disturb the peace. The argument was rejected because to assume judicial notice of such factors had been taken would not only result in depriving the defendants of the right to be informed of the evidence against them and preclude them from challenging the evidence, but also result in an incomplete record for the appellate authorities. Mr. Justice Frankfurter concurred with the following remarks:

It may be unnecessary to require formal proof, even as to an issue crucial in determining guilt in a criminal prosecution, of what is incontestably obvious. But some showing cannot be dispensed with when an inference is at all doubtful.

368 U.S. at 175, 82 S.Ct. at 258. Mr. Justice Harlan concurred in the judgment on the basis that the statute in question was unconstitutional, but dissented from the majority's judgment on the judicial notice argument, noting the High Court, itself, had "taken judicial notice of well-known economic and social facts." 368 U.S. at 195, 82 S.Ct. at 268. Mr. Justice Douglas also concurred on the basis that the statute was invalid, and his opinion assumes, as fact, those sociological factors which were urged by the Government as proper matters for judicial notice. 368 U.S. at 177, 82 S.Ct. 248.

While the concurring Justices in *Garner* expressed some concern regarding the breadth of the majority opinion on the issue of judicial notice, that concern has been proven unfounded as the High Court, itself, has, since *Garner,* taken judicial notice of various factors involved in cases before it. *Heller v. New York,* 413 U.S. 483, 493, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973). Additionally, the Federal Courts of Appeals have not interpreted *Garner* as precluding an appellate court from taking judicial notice of material facts involved in a criminal case. In *United States v. Reynoso-Ulloa,* 548 F.2d 1329, 1339 (9th Cir. 1977), judicial notice was taken on appeal of the fact that trafficking in drugs is a sordid business; in

---

1. For a discussion of judicial notice on appeal, *see* Feld, *What is the Appellate Record?* *Appellate Inferences and Judicial Notice,* 20 JAG J. 51 (1965).

*United States v. Harris,* 530 F.2d 576, 578 (4th Cir. 1976), the circuit court held that either the district court or the appellate court could take judicial notice of the fact that a bank which is chartered with a name including "National Bank" is, in fact, a national bank; and in *United States v. Van Buren,* 513 F.2d 1327, 1328 (10th Cir. 1975), *cert. denied,* 421 U.S. 1002, 95 S.Ct. 2402, 44 L.Ed.2d 670 (1975), the court took judicial notice that cocaine hydrochloride is a prohibited substance under 21 U.S.C. § 841(a)(1). *See United States v. Davis,* 562 F.2d 681, at 688 (D.C.Cir.1977).

The present case involves the existence of AR 600–50, the appellant's duty to obey the regulation, and his violation of one of its provisions. As the regulation was set forth in the specification for which he was arraigned and convicted, the appellant was obviously notified of it and because he was a member of the United States Army, he was obligated to obey it. Nevertheless, the majority conclude that the military judge was required to specifically note on the record that judicial notice had been taken of the regulation's existence before it attained status as evidence. This conclusion completely ignores the compelling inferences from the record that all the parties involved assumed the existence of the regulation. In summary, the majority has extended the doctrine of *Garner,* which was concerned with notice to the defendant and an opportunity for the defendant to rebut adverse evidence, into an area where those considerations are not present.

The Court also granted an issue to determine whether military jurisdiction attached to a sale of marihuana which occurred in an off-post area. I would answer this issue affirmatively on the basis of my concurrence in *United States v. McCarthy,* 2 M.J. 26 (1976).

For the foregoing reasons, I would affirm the decision of the Army Court of Military Review.