UNITED STATES, Appellee,

v.

Private First Class Lavoy SHAVERS,
SSN 430–15–9263, United States
Army, Appellant.

SPCM 14883.

U. S. Army Court of Military Review.

10 April 1981.

Captain Edward J. Walinsky, JAGC, argued the cause for the appellant. With him on the brief were Lieutenant Colonel John F. Lymburner, JAGC, and Major Charles A. Byler, JAGC.

Captain David H. Johnson, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major Douglas P. Franklin, JAGC.

Before RECTOR, CARNE and O'DONNELL, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

While operating as an undercover agent, Specialist Four Aaron McCrea observed the appellant receive what he described as thirty "plates" of cocaine from a Panamanian by the name of Bonzo.[1] Three days later, McCrea notified Special Agent Rickey Sanders of the incident. Three weeks later, on the third of October 1979, the appellant was apprehended at Sanders' direction and brought to the military police station. After being advised of his right to counsel and of his right to remain silent, the appellant signed a statement in which he admitted possessing the cocaine and selling or transferring a portion of it to fellow soldiers. He also revealed in this statement that he maintained a list of the recipients. At Agent Sanders' request, the appellant fetched the list from his barracks. He then signed another statement wherein he explained in more detail his dealings with his customers. After taking the appellant's statement, Sanders verified the existence of some of the persons on the list.

At his special court-martial in the Republic of Panama the appellant was prosecuted for possession, sale, and transfer of cocaine. He was convicted only of attempting to possess, sell, and transfer in violation of Article 80 of the Uniform Code of Military Justice, 10 U.S.C. § 880.[2] His sentence to bad-conduct discharge, confinement at hard labor for three months and partial forfei-

tures was approved by the convening authority.

The appellant contends that the two confessions cannot be considered because they were uncorroborated and as a result the evidence is insufficient to support the selling and transferring convictions. The Government asserts that corroboration is supplied by the customer list and the testimony of McCrea.

■■■ A confession or admission may not be considered as evidence of guilt "unless independent evidence, either direct or circumstantial, has been introduced which corroborates the essential facts admitted sufficiently to justify an inference of their truth." Paragraph 140a (5), Manual for Courts-Martial, United States, 1969 (Revised edition).[3] The independent evidence need not establish the corpus delicti, i. e., elements of the offense, but only the trustworthiness of the statement. See Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); United States v. Holler, 43 C.M.R. 461 (A.C.M.R. 1970).[4] Other confessions or admissions of an accused may not be used to provide the corroboration unless they themselves are of a kind not subject to the corroboration requirement, e. g., statements made prior to or contemporaneous with the criminal act and statements which are admissible under a rule of evidence other than that pertaining to confessions or admissions. Such statements may be used to corroborate post-offense statements of an accused. Paragraph 140a (5), Manual, supra. See United States v. Villasenor, 6 U.S.C.M.A. 3, 19 C.M.R. 129 (1955). Cf., United States v. Rexach, 40 C.M.R. 488 (A.B.R. 1969).

■■■ At trial, the Government offered the customer list as a business entry. If so admissible, it could be used to provide the corroboration. United States v. Villasenor,

---

1. A "plate" was identified as a ten-dollar packet.

2. None of the putative cocaine was recovered.

3. As this case was tried before the effective date of the new Military Rules of Evidence, the

previous rules of evidence contained in the Manual for Courts-Martial apply.

4. In the instant case, the distinction tends to blur as the "essential facts" to be corroborated are the acts of the appellant in selling or transferring what he believed to be cocaine.

*supra.* There is no independent evidence, however, that the document is a business entry. Paragraph 144*c* of the Manual for Courts-Martial provides that a writing offered as a business entry may be authenticated by "proof that it came through a reliable source from a business whose regular course it was to make a memorandum or record of the act, transaction, occurrence, or event, for it may be inferred from this proof that the writing was in fact made as a memorandum or record in the regular course of that business." The only indication that the customer list is a business entry or for that matter that it came from the appellant at all is contained in the two confessions.[5] In the absence of independent evidence to support its admission, the exhibit was inadmissible as a business entry. *See United States v. Moore*, 22 C.M.R. 409 (A.B.R. 1956), where the Board held that a confession was improperly corroborated by a morning report entry the preparation of which was based on information furnished by the accused. *Cf., United States v. Kisner*, 15 U.S.C.M.A. 153, 35 C.M.R. 125 (1964).

▆▆▆▆▆ The Government advances two additional bases for concluding the statements were corroborated—the verification of the names on the list and the amount of cocaine possessed by the appellant. We disagree as to both. The fact that some of the persons on the list exist, if anything, tends to corroborate the list, which is inadmissible, not

the confession. As to the second point, the Government contends that we may infer from the fact that the appellant possessed thirty "plates" of suspected cocaine that he intended to sell or transfer a portion thereof. The fact that a person possessed a quantity of drugs in excess of his own requirements might justify such a conclusion. The difficulty in this case, however, is that there is no evidence in the record to that effect. The military judge did not take judicial notice of that "fact" and we may certainly not do so. *See United States v. Williams*, 3 M.J. 155 (C.M.A. 1977).

As there was no adequate corroboration for the confessions, they should not have been considered. Since there is no other evidence of attempted selling or transferring, those specifications must fall.

The findings of guilty of Specification 1 of the Charge and the Charge are affirmed. The findings of guilty of Specifications 2 and 3 of the Charge are set aside and those charges are dismissed. The sentence is affirmed.

Chief Judge RECTOR and Senior Judge CARNE concur.

---

5. Although the appellant did not initially object to the admission of the document because of lack of authentication, he later did object on that basis. The military judge allowed the later objection but overruled it.