**UNITED STATES, Appellee,**

v.

**Private (E–2) Joseph P. FREDERICK, Jr., 360–66–1395, United States Army, Appellant.**

**CM 447277.**

U.S. Army Court of Military Review.

25 Oct. 1985.

Released for Publication 3 Oct. 1986.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, Captain H. Alan Pell, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain Patrick J. Cunningham, JAGC, Captain Darrell R. Taylor, JAGC (on brief).

Before RABY, CARMICHAEL and ROBBLEE Appellate Military Judges.

## MEMORANDUM OPINION

CARMICHAEL, Judge:

Pursuant to his plea, appellant was convicted by a military judge sitting as a general court-martial of two specifications of wrongfully distributing cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. 912a (Supp. I 1983) [hereinafter cited as UCMJ]. He was sentenced to a bad-conduct discharge, three years' confinement, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority suspended for a period of 36 months that portion of the forfeiture exceeding $320.00 pay per month, and approved the remainder of the sentence.

Appellant now asserts that the military judge erred to his substantial prejudice by failing to conduct an adequate providence inquiry. We agree.

The Court of Military Appeals, in *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969), considered whether a military judge's providence inquiry was adequate to meet the requirements of Article 45, UCMJ, 10 U.S.C. § 845 (1982).[1] The court stated that in future cases

> [T]he record of trial ... must reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge ... has questioned the accused about what he did or did not do, and what he intended (where this is perti-

---

1. Article 45, UCMJ, states, in part, that "[i]f an accused ... after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, ... a plea of not guilty shall be entered in the record...."

nent), to make clear the basis for a determination by the military trial judge ... whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty. [Citations omitted.].

*United States v. Care,* 40 C.M.R. at 253. The *Care* requirements were designed not only to comply with expressed Congressional intent by protecting an accused from "entering an unknowing, unwitting, or coerced plea of guilty," *United States v. Pretlow,* 13 M.J. 85, 88 (C.M.A.1982), but also to provide "reviewing authorities ... with an objective test to measure the understanding of the accused at the time of the plea." *Id.* at 88–89; *see also United States v. Davenport,* 9 M.J. 364, 366–67 (C.M.A.1980); *United States v. Moglia,* 3 M.J. 216, 218 (C.M.A.1977). Thus, the requirements governing the conduct of a providence inquiry are clear. They have remained relatively unchanged since first announced more than 16 years ago, and military judges, like Courts of Military Review, have a marked responsibility to ensure that they are carefully followed.

Subsequent case law interpreting the *Care* standard has focused on the military judge's responsibility to establish a factual basis for a plea of guilty by questioning the accused.[2] " '[P]ersonally addressing' and 'questioning' an accused requires *at least some minimal,* yet meaningful, dialogue and colloquy between a military judge and an accused." *United States v. Sawinski,* 16 M.J. 808, 811 (N.M.C.M.R. 1983). Based on our reading of the relevant portions of the trial record, as hereafter pertinently discussed, we conclude that the military judge failed to comply fully with well-established legal principles governing providence inquiries. As a result, the record does not contain a sufficient factual basis to allow us to measure objectively, pursuant to our statutory responsibilities, either appellant's understanding of his plea at the time he entered it or the accuracy thereof. *See generally,* Articles 45(a) and 66(c), UCMJ, 10 U.S.C. §§ 845(a), 866(c) and RCM 910(d)–(e).

■ In the case before us, the trial judge correctly advised appellant of the rights he waived by his guilty plea, and then proceeded to inform him of the elements of the two wrongful distribution offenses to which he had pleaded. Initially, the military judge elicited the following factual information from appellant, who had been placed under oath.

MJ: ... Now, there is one charge and it alleges a violation of Article 112a of the Uniform Code of Military Justice, and under it there are two similar specifications, and those specifications state what the Government would have to prove, and what you did wrong. Okay, the elements of wrongful distribution of cocaine is (sic), and look at the first one, that at Fort Clayton, Panama, on or about 29 November 1984, you distributed some amount of cocaine. Do you understand that?

ACC: Yes, sir.

After next informing appellant that Fort Clayton was an installation under military control and that cocaine was a "Schedule II" controlled substance, and receiving affirmative responses from appellant as to his understanding of these facts, the military judge referred to the specific element

---

**2.** Rule for Courts-Martial (RCM) 910(e) states that "[t]he military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea. The accused shall be questioned under oath about the offenses." Rule for Courts-Martial 910(d)–(e), Discussion states that "the accused must be convinced of, and able to describe all the facts necessary to establish guilt." Also, Department of the Army Pamphlet No. 27–9, Military Judges'

Benchbook, para. 2–13, n. 1 (1982) states that "[t]he military judge should elicit the facts supporting the guilty plea by conducting a direct and personal examination of the accused as to the circumstances of the alleged offense. *Such questions should be aimed at developing the accused's version of what happened in his or her own words,* and determining if his or her acts or omissions encompass each and every element of the offense to which the guilty plea relates." (Emphasis supplied).

of wrongful distribution. He defined the terms "distribute," "deliver," and "wrongful" for appellant, and then questioned him concerning whether there may have been any legal justification for his criminal behavior, *i.e.*, was appellant performing law enforcement or medical duties, or did he think the cocaine was other than a controlled substance? Appellant's succinct responses indicated his understanding of what he was being told, and that he had acted without legal justification. The only other facts concerning the offenses elicited from appellant by the military judge occurred during the following colloquy.

MJ: Okay. Do you have any questions about these elements?

ACC: No, Your Honor.

MJ: How about the definitions?

ACC: No, Your Honor.

MJ: So the elements as I stated, that's what you did with respect to Specification 1?

ACC: Yes, sir.

MJ: Okay, let's look at Specification 2. In this case the Government would have to prove by legal and competent evidence beyond a reasonable doubt that you did at Fort Clayton, Panama, on or about 14 January 1985, distribute some amount of cocaine and that the distribution was wrongful. The only difference is the date, right?

ACC: Yes, sir.

MJ: Okay, does that specification state what you did?

ACC: Yes, Your Honor.

MJ: Do you have any questions about this specification?

ACC: No, Your Honor.

This exchange concluded the substantive colloquy between the military judge and appellant relative to the factual basis for appellant's plea. Since there was no stipulation of fact, the only evidence of the facts and circumstances surrounding the offenses, aside from appellant's essentially monosyllabic responses, was not presented until the Government called a Criminal Investigative Division agent to testify during the sentence hearing. Subsequently, appellant made an unsworn statement which added no information to the few cursory facts that he had been asked to provide during the providence inquiry. However, here we are concerned only with whether the "factual circumstances revealed by [appellant] objectively support his plea ...," and thus are limited to the facts appellant related to the military judge when questioned about providence. *See United States v. Foster*, 14 M.J. 246, 247 (C.M.A. 1982); *United States v. Chambers*, 12 M.J. 443, 444 (C.M.A.1982).

■ Although military judges have substantial discretion in selecting and employing different techniques in questioning an accused in order to establish a factual basis—a basis to be used in determining whether the accused's acts constitute the offenses to which he is pleading guilty— the requirement for a "marginally acceptable" factual predicate continues. *United States v. Wimberly*, 42 C.M.R. 242, 243–44 (C.M.A.1970). Because the military judge in this case erred by accepting appellant's guilty plea without a sufficient factual predicate, the providence of the plea is negated. Accordingly, the appellant's conviction cannot stand.[3,4]

The finding of guilty and the sentence are set aside. A rehearing may be ordered

---

3. We note that in the recent case of *United States v. Harclerode*, 17 M.J. 981, 985 (A.C.M.R. 1984), this court concluded that "[c]ompliance with [the] *Care* [standard] is not onerous and will prevent needless waste of time, effort and expense by all concerned." As long as *Care* remains viable as precedent, we will insure that its requirements are fulfilled by the military judges' use of a meaningful inquiry procedure.

4. We believe that trial counsel, who have a continuous duty to protect the record, should remain alert throughout a providence inquiry, and respectfully bring to the military judge's attention any areas which counsel believe have not been sufficiently covered and could result in a plea of guilty subsequently being found improvident.

by the same or a difference convening authority.

Judge ROBBLEE concurs.

RABY, Senior Judge, concurring:

In view of the requirements of *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969) and RCM 910, I concur without reservation in the result of this case. If this result appears too stringent in view of the fact that appellant pled guilty in accordance with the terms of a voluntary pretrial agreement initiated by him and considering that he was duly represented by qualified counsel throughout his trial, perhaps the provisions of *Care* should be relaxed. Unless *Care* is so modified, this court is obligated to follow existing precedent.