**UNITED STATES**

**v.**

**Mark L. WOOTTON, 298–66–6974, Hospitalman Recruit (E–1), U.S. Navy.**

**NMCM 87 1567.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 7 Jan. 1987.

Decided 9 Feb. 1988.

Maj J.L. Powers, USMC, Appellate Defense Counsel.

Capt Mark Foster, USMCR, Appellate Defense Counsel.

Lt B.E. Smircina, JAGC, USNR, Appellate Government Counsel.

Before BYRNE, GLADIS and ALBERTSON, JJ.

ALBERTSON, Judge:

Contrary to his pleas appellant was convicted by a general court-martial composed of officer members of two specifications of wrongful distribution of cocaine and one specification of wrongful possession of drug paraphernalia, violations of Articles 112a and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a and 892, respectively. Appellant was sentenced to confinement for three years, total forfeitures of pay and allowances and a dishonorable discharge. The convening authority approved the sentence adjudged.

---

We have examined the record of trial, the assignment of error, and the Government's reply thereto. Appellant assigned five specific errors. We find no merit in three of the five. Our decision moots the issue with regard to Assignment of Error V. We do find merit in Assignment of Error II and, as a result, we set aside the findings of guilty as to the two specifications set forth under Charge I. We affirm the findings as to Charge II and its specification. The convening authority may reassess the sentence on the basis of the affirmed findings or he may order a rehearing on Charge I and its specifications and the sentence.

At appellant's trial the trial counsel moved to admit into evidence two laboratory reports purportedly prepared by the Alameda County Sheriff's Department Crime Laboratory that identified the substances alleged in each specification of Charge I as cocaine. As part of that proffer, he offered evidence to show that the substances seized from the appellant were taken, as a matter of course, to the Alameda County Crime Laboratory for chemical testing and that the substances and the reports of the results of their analysis generated by the laboratory were returned to the proper authorities. The defense counsel strenuously objected, arguing that the Government had failed to lay a proper foundation showing that the laboratory reports introduced were documents produced within the regular course of business. He further argued that a proper foundation could be established only through testimony from laboratory personnel. The military judge overruled the objection after ensuring authenticity and admitted the reports as business records. We agree with appellant that the military judge erroneously admitted the documents, apparently believing that the prosecution's showing of authenticity, when coupled with the Military Rule of Evidence (Mil.R.Evid.) 803(6) hearsay exception, relieved the Government of its burden of laying a proper foundation for the reports.

Mil.R.Evid. 803(6) specifically states that a forensic laboratory report is an exception to the hearsay rule, and plainly requires that an adequate foundation be laid prior to admitting such reports. *See United States v. Vietor,* 10 M.J. 69 (C.M.A.1980); *United States v. Farris,* 21 M.J. 702 (ACMR 1985), and *United States v. Hudson,* 20 M.J. 607 (AFCMR 1985). Before this Court, appellate government counsel argue that the chain of custody-type evidence introduced at trial by the Government was sufficient to establish that the documents in question were prepared by the Alameda County Sheriff's Department crime laboratory in the regular course of their business, and they cite to, *inter alia, United States v. Porter,* 12 M.J. 129 (C.M.A.1981), *United States v. Vietor, supra,* and *United States v. Cordero,* 21 M.J. 714 (AFCMR 1985), in support of their position. In those cases, the trial courts were provided a great deal of discretion in determining the admissibility of similar laboratory reports. These courts agreed that only minimum foundational requirements need be met, such as the military judge simply taking judicial notice of the fact that the laboratory in question was " 'a place in which scientific methods and principles are applied in the testing and analysis of various items in connection with the detection and prosecution of crimes.' " *United States v. Porter, supra* at 131 (quoting *United States v. Vietor, supra* at 70–71). Such notice, according to those cases, can satisfy the foundational requirements of Mil.R.Evid. 803(6).

In this case, however, the prosecution, even in the face of a specific objection by the defense, failed to produce a witness to testify about the circumstances surrounding the document's preparation and further failed to ask the court to take judicial notice of the Alameda County Sheriff's Department crime laboratory's status as a place where scientific methods and principles were applied as an evidentiary substitute therefor. *See Porter, supra* at 132. Even if the Government had asked this Court to take judicial notice of the crime laboratory's status based on a presumption that we could infer from the record that the military judge properly took such judicial notice, we would reject such an argument.

Mil.R.Evid. 201(c) requires that all parties be informed in open court when judicial notice is being taken of a fact essential to establishing an element of a case, and this Court will not uphold the admission of a critical laboratory report based upon *sub silentio* conduct. Laying a proper foundation for the admission of evidence against an accused is part of the Government's burden of proving the accused guilty beyond a reasonable doubt. Absent a clear indication on the record that the trial judge properly took notice that the laboratory reports sought by the Government to be admitted against the accused were prepared by a crime laboratory that was in fact a place where scientific methods and principles were applied, a proper foundation cannot be found to have been laid. *See United States v. Williams*, 3 M.J. 155 (C.M.A.1977). While this Court has fact-finding powers, Article 66(c), UCMJ, 10 U.S.C. § 866(c), and Mil.R.Evid. 201(f), we are not prepared to fill in evidentiary gaps by noticing an essential fact for the first time on appeal. An accused is entitled to know at the time of trial upon what evidence he is being convicted. *Garner v. Louisiana*, 368 U.S. 157, 173, 82 S.Ct. 248, 256, 7 L.Ed.2d 207 (1961); *United States v. Williams, supra*.

Thus, while the authentication of the laboratory reports was proper, judicial notice that could have taken the place of a witness testifying that the documents were prepared in the regular course of business is conspicuously absent. The foundation for their admission having failed, the laboratory reports were inadmissible. Since the prosecution relied solely on the laboratory reports as proof that the substances the appellant allegedly distributed were cocaine, their inadmissibility denies the Government sufficient evidence of record to support a finding of the appellant's guilt beyond a reasonable doubt as to the two specifications alleging the wrongful distribution of cocaine. While Mil.R.Evid. 803(6) simplified the procedures for the admission of laboratory reports as documents prepared in the regular course of business, it did not eliminate the need for establishing a proper foundation for such documents when their admissibility is properly challenged at trial.

Accordingly, the findings as to Charge I and its specifications are set aside. The findings as to Charge II and its specification are affirmed. The record of trial is returned to the Judge Advocate General of the Navy for remand to the Convening Authority who may reassess the sentence based on the affirmed findings or who may order a rehearing on Charge I and its specifications and the sentence. Upon reassessment/rehearing, the record of trial shall be returned to this Court for completion of appellate review.

Chief Judge BYRNE and Judge GLADIS concur.