**UNITED STATES**

v.

**Bryan W. GEARY, 274 76 6773, Seaman (E–3), U.S. Navy.**

**NMCM 87 3701.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 21 May 1987.

Decided 30 March 1990.

856

LT J.A. Toliver, JAGC, USNR, Appellate Defense Counsel.

LT Stephen Ponticiello, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, Senior Judge, and STRICKLAND and RUBENS, JJ.

PER CURIAM:

Pursuant to his pleas, a military judge sitting alone as a special court-martial convicted appellant of violations of Articles 81, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 921, and 934, respectively. The military judge sentenced appellant to forfeitures of $250.00 pay per month for 3 months, confinement for 3 months, reduction to E–1, and a bad-conduct discharge. In accordance with the pretrial agreement, the convening authority approved the sentence but suspended the bad-conduct discharge and confinement in excess of 2 months for 12 months.

The sole specification of Charge II alleges that appellant stole seven sheets of computer paper on which a Damage Control Qualification Examination (the examination) had been printed. The military judge properly explained the four elements of this larceny offense to the appellant and established a sufficient factual basis to support the guilty plea during the providence inquiry. Appellant plead not guilty to and was acquitted of the offense alleged in Charge III.

We shall discuss Charges I and IV which allege the factually related offenses of conspiracy to disclose the examination (Article

81, UCMJ) and solicitation and wrongful disclosure of the examination (both Article 134, UCMJ). Each of these allegations uses the Federal Assimilative Crimes Act (18 U.S.C. § 13 (FACA)) to incorporate a Mississippi statute (Miss.Code Ann.Sect. 97–45–9). We were initially concerned with two issues (pleadings/providency and the pre-emption doctrine) with respect to these offenses; however, we need not address the pre-emption doctrine and pleading issues because of our resolution of the providency issue.

The Government charged appellant as follows:

Charge I: Violation of the UCMJ, Article 81.

Specification: In that Seaman Bryan W. Geary, U.S. Navy, on active duty, USS SPRUANCE, did, on board or near APL–42, on or about March 1987, conspire with Engineman Fireman Apprentice Trell M. Davis to commit an offense under the Uniform Code of Military Justice, to wit: to violate Mississippi Code Ann. Sect. 97–45–9 (1972), as assimilated by 18 U.S.C. Sect. 13, by wrongfully and intentionally disclosing, without consent, a Damage Control qualification Examination, the intellectual property of USS SPRUANCE, and in order to effect the object of the conspiracy the said Engineman Fireman Apprentice Trell M. Davis did ask OSSN Gregory C. Knox, on or about March 1987, to buy the stated examination.

Charge II: Violation of UCMJ, Article 121.

Specification: In that Seaman Bryan W. Geary, U.S. Navy, on active duty, USS SPRUANCE, did, at Ingalls Shipyard, Submarine Overhaul and Refit Building, Regular Overhaul Office, Room 127, a space assigned to USS SPRUANCE by Ingalls Shipyard, on or about March 1987, steal seven sheets of computer paper, printed thereon a Damage Control Qualification Examination, of some value, the property of the USS SPRUANCE.

Charge IV: Violation of UCMJ, Article 134.

Specification 1: In that Seaman Bryan W. Geary, U.S. Navy, on active duty, USS SPRUANCE, did, on board or near APL–42, on or about March 1987, wrongfully solicit SN Stephen L. Allen to violate Miss.Code Ann.Sect. 97–45–9, as assimilated by 18 U.S.C. Sect. 13, by asking SN Stephen L. Allen to wrongfully and intentionally disclose, without consent, a Damage Control Qualification Examination, the intellectual property of USS SPRUANCE.

Specification 2: In that Seaman Bryan W. Geary, U.S. Navy, on active duty, USS SPRUANCE, did, on board or near APL–42, on or about March 1987, violate Mississippi Code Ann.Sect. 97–45–9 (1972), as assimilated by 18 U.S.C. Sect. 13, by wrongfully and intentionally disclosing, without consent, a Damage Control Qualification Examination, the intellectual property of USS SPRUANCE, by selling the stated examination to OSSN Gregory C. Knox and to SN Jeffrey N. Schmitt.

We note that the conspiracy specification under Charge I and the solicitation and disclosure specifications under Charge IV failed to allege the jurisdictional basis of these offenses, i.e., that the situs is an area of exclusive or concurrent Federal jurisdiction. The specifications also failed to set forth, other than by cursory citation, the conduct prohibited by the Mississippi state statute.[1]

It is axiomatic that a state crime is not automatically a violation of the UCMJ. *United States v. Rowe*, 13 U.S.C. M.A. 302, 308, 32 C.M.R. 302, 308 (1962). Federal applicability of the state statute (i.e., that the United States had exclusive or concurrent jurisdiction over the area in which the alleged offense occurred) must be established by the prosecution. This applicability can be established by testimonial or documentary evidence, judicial notice, or a stipulation of the parties. *Id.*

1. The substantive offenses alleged in these two charges are ordinarily alleged as violations of Article 1147, United States Navy Regulations, 1973, as amended, under Article 92, UCMJ, 10 U.S.C. § 892. This is the source of the pre-emption doctrine issue.

Although applicability of FACA is a jurisdictional question it is analogous to an element of an offense in this context. When alleging an offense by incorporation of the FACA, the Government must establish during the findings phase of the court-martial that the U.S. Government had "exclusive or concurrent Federal jurisdiction" over the situs of the alleged offense. *United States v. Irvin*, 21 M.J. 184, 187 (C.M.A.1986).

In *United States v. Williams*, 17 M.J. 207 (C.M.A.1984), the Court upheld the accused's conviction for kidnapping under the first two clauses of Article 134 but not under clause (3), as alleged. The Court based its findings on the difference in jurisdictional basis between a FACA offense under clause (3) (crimes and offenses not capital) and an offense under clauses 1 or 2 of Article 134 (conduct to the prejudice of good order and discipline or service discrediting). Because the Government at trial had established sufficient evidence to prove that the accused's conduct was prejudicial to good order and discipline and was service discrediting, and because the military judge's instructions to the court members included the requirement to find that the accused's conduct was prejudicial to good order and discipline or service discrediting, the Court concluded in *Williams* that the Government had met its burden and the conviction could be affirmed.

■■■■ We conclude that when a FACA offense is alleged, the jurisdictional basis for the assimilation of the state statute becomes an element of the offense which must be established by the Government. Elements which must be proven by the Government on the merits must be explained to an accused during the providency inquiry into a guilty plea. This is to ensure that the accused understands the law in relation to the facts such that the military judge may determine that his plea of guilty has been entered into knowingly, intelligently, and consciously, and thus voluntarily.[2] *United States v. Care*, 18 U.S.C. M.A. 535, 539, 40 C.M.R. 247, 251 (1969).

■■■■ While the specifications to Charges I and IV allege that the offenses occurred "on board or near APL-42" (a berthing dock owned by the U.S. Government), the specification to Charge II and the appellant's answers during providency further reveal that the offenses occurred at Ingalls Shipyard. We note that the United States has proprietary, concurrent, or exclusive jurisdiction as to its military installations. *See United States v. Martin*, 3 M.J. 744 (NCMR 1977). Absent any indication in the record of trial that Mississippi has ceded jurisdiction over Ingalls Shipyard to the United States, however, we cannot assume that the Federal Assimilative Crimes Act is applicable. *United States v. Perry*, 12 M.J. 112 (C.M.A.1981) (memorandum opinion). Thus, the military judge's failure to ask appellant and his counsel about their understanding of the court-martial's jurisdiction over the offenses alleged in Charges I and IV is fatal to the adequacy of the providency inquiry. While the military judge asked appellant if he admitted that the Mississippi law "can be assimilated under 18 U.S.C. § 13" and the appellant agreed, we are not willing to accept appellant's answers as establishing provident pleas to the offenses for two reasons. First, the military judge did not take judicial notice of the applicability of the Federal Assimilative Crimes Act over Ingalls Shipyard and the counsel and the appellant never agreed to the same. Second, the

2. *United States v. Kline*, 21 M.J. 366 (C.M.A. 1986), cited by Government in their brief, is not *contra*. In *Kline* at 367, the Court of Military Appeals held that "in a prosecution based on the Assimilative Crimes Act, a plea of guilty admits the requisite element of 'exclusive or concurrent [Federal] jurisdiction' over the situs of the crime." This means only that a provident guilty plea (*i.e.*, one in which the military judge has established the requisite factual predicate) admits jurisdiction much like a provident plea to murder admits that the victim is dead. It does not mean that the military judge need not explain FACA to the accused and secure his admission that FACA applies to the situs of the crime. In any event, the military judge in *Kline* discussed concurrent or exclusive federal jurisdiction over the situs of the offense with both counsel on the record and the defense counsel agreed FACA was applicable. The Court observed that this was a defect in the providency inquiry, but too minor to warrant reversal. In this case, however, there is no discussion of concurrent or exclusive jurisdiction.

military judge, based on his very limited and imprecise discussion of the FACA, appears to have misunderstood its application. He apparently failed to recognize that before state law may be incorporated as an offense under the FACA (as authorized by the President in Paragraph 60c(4)(c)(ii), Part IV, MCM, 1984), the federal government must have exclusive or concurrent jurisdiction over the situs of the alleged offenses. If the military judge misunderstood the applicable law, we are unwilling to impute understanding to the appellant. *See United States v. Frederick*, 23 M.J. 561 (ACMR 1986).[3]

■ It is important to reiterate the basic jurisdictional premise that without proof that what the accused did was a crime *under military jurisprudence*, no conviction by court-martial may be upheld. The Court of Military Appeals found in *Williams* that mere recitation of the Army regulation on the charge sheet was not sufficient to meet the first two elements of proof under an Article 92(1), UCMJ, prosecution. Thus, the presumption, although proper in its own right, that Army regulations are valid and binding upon Army personnel unless and until a showing to the contrary is made, could not redeem the fatal lack of proof of its validity and enforceability. While appellant's case can be distinguished from *Williams* on the basis that appellant plead guilty, he was nevertheless entitled to have the elements explained to him and to be questioned on the facts to ensure the facts as he related them to the military judge constituted the offense to which he plead guilty. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

In *Irvin*, the Court of Military Appeals, though recognizing that "the military judge at trial might have judicially noticed that appellant's residence was in an area

subject to 'exclusive or concurrent [Federal] jurisdiction,' *see* Mil.R.Evid. 201(c)," did not believe that the Government should be allowed to rectify its failure to prove such jurisdiction at a *DuBay* hearing. *Irvin* 21 M.J. at 187. Likewise in *United States v. Williams*, 17 M.J. at 215, the Court was "disinclined to use judicial notice or the *DuBay* hearing to salvage for the Government its conviction" for a federal offense incorporated under Article 134, UCMJ. "Mil.R.Evid. 201(c), MCM, 1984, requires that all parties be informed in open court when judicial notice is being taken of a fact essential to establishing an element of case...." *United States v. Wootton*, 25 M.J. 917, 919 (NMCMR 1988). We also decline to perfect this providency inquiry with a *DuBay* hearing or judicial notice.

The military judge's failure to advise the appellant of this critical jurisdictional element and to elicit a sufficient factual basis in support of the appellant's plea to that element renders the pleas improvident. Accordingly, we set aside the findings of guilty to the specification of Charge I and to Charge I and to the two specifications of Charge IV and to Charge IV and, in the interests of judicial economy, dismiss them. The findings of guilty to Charge II and its specification are affirmed. Upon reassessment, the sentence as approved and partially suspended on review below is affirmed. *See United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

---

**3.** The military judge advised the appellant of an additional and unnecessary element when he explained the elements of wrongful disclosure of intellectual property in violation of the state law as incorporated by FACA. He advised appellant that his conduct must be prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. This element is only required when the prosecution is predicated on clauses (1) and (2) of Article 134. *See United States v. Scholten*, 17 M.J. 171 (C.M.A.1984). Thus, there is doubt that the military judge understood that he was conducting a providency inquiry of clause 3, Article 134 offenses, rather than clause (1) and (2) offenses.