45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Francisco CHAVEZ-ROCHA, Petitioner,
v.
IMMIGRATION & NATURALIZATION, SERVICE, Respondent.
 No. 94-9515.
 United States Court of Appeals, Tenth Circuit.
 Jan. 9, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Petitioner Francisco Chavez-Rocha, appearing pro se, seeks review of the Board of Immigration Appeals ("BIA") decision affirming the immigration judge's ("IJ") refusal to grant him a continuance and affirming the IJ's act of taking "judicial notice" that diazepam is a "controlled substance" under 21 U.S.C. 802. We exercise jurisdiction pursuant to 8 U.S.C. 1105a and affirm.
 
 
 2
 Petitioner, a native and citizen of Mexico, entered the United States in June 1991 from Mexico as a temporary resident under 245A of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1255a. In January 1992, Petitioner pleaded guilty in a Colorado state district court to unlawful possession of a controlled substance--i.e., diazepam. As a result, Respondent issued an Order to Show Cause charging Petitioner with deportability under 241(a)(2)(B)(i) of the INA. See 8 U.S.C. 1251(a)(2)(B)(i) ("Any alien who at any time after entry has been convicted of a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) ... is deportable.").
 
 
 3
 At his November 1992 deportation hearing, Petitioner denied that he was convicted of a controlled substance offense and denied that he was deportable. In June 1993, the IJ conducted a hearing on the merits of Petitioner's deportability. At the merits hearing, Petitioner requested a continuance so that he could pursue post-conviction relief in the Colorado state courts by seeking to withdraw his guilty plea. The IJ denied Petitioner's request noting Petitioner had ample opportunity to pursue post-conviction relief during the sixteen months the case had been pending. After the IJ denied Petitioner's request for a continuance, Respondent introduced a certified copy of Petitioner's Colorado state conviction for unlawful possession of a controlled substance and argued that Petitioner was deportable under 241(a)(2)(B)(i) of the INA based on this conviction. In response, Petitioner claimed that Respondent had not shown his state conviction for unlawful possession of diazepam qualified as a violation of a law relating to a "controlled substance," as "controlled substance" is defined in 21 U.S.C. 802. The IJ responded, "I think all of the federal statutes are potential subjects of judicial notice and the Court will take judicial notice that Diazepam is a controlled substance under the federal statute."[3] As a result, the IJ concluded Respondent had shown Petitioner's Colorado state conviction for unlawfully possessing diazepam qualified as a violation of a law relating to a controlled substance under 241(a)(2)(B)(i) of the INA. See 8 U.S.C. 1251(a)(2)(B)(i). Thus, the IJ concluded Petitioner was deportable. The BIA affirmed the IJ's decision in all respects.
 
 
 4
 On appeal, Petitioner first argues the BIA erred in affirming the IJ's refusal to grant him a continuance. Petitioner contends he was entitled to a continuance to pursue post-conviction relief by seeking to withdraw his guilty plea. We review the IJ's decision to deny Petitioner a continuance for abuse of discretion. See Bauge v. INS, 7 F.3d 1540, 1543 (10th Cir.1993).
 
 
 5
 The record reveals Petitioner had at least sixteen months to pursue post-conviction relief while his case was pending before the IJ.[4] Moreover, Petitioner had already unsuccessfully attempted to withdraw his guilty plea. The Denver County, Colorado District Court denied Petitioner's motion to withdraw his guilty plea in April 1992. Vol. I at 45. There is no indication in the record that Petitioner sought review of any type from this denial. Based upon our review of the record, we conclude the IJ did not abuse its discretion in refusing to grant Petitioner a continuance.
 
 
 6
 Petitioner also argues the BIA erred in affirming the IJ's act of taking "judicial notice" that diazepam is a controlled substance under 21 U.S.C. 802. Specifically, Petitioner contends the IJ had no power to "judicially notice" that diazepam qualified as a "controlled substance" under federal law. We disagree. First, 241(a)(2)(B)(i) of the INA specifically directs the IJ to reference 21 U.S.C. 802's definition of "controlled substance." See 8 U.S.C. 1251(a)(2)(B)(i). Moreover, pursuant to the Administrative Procedure Act, the IJ may properly take " 'official notice' of material not appearing in the evidence in the record." See McLeod v. I.N.S., 802 F.2d 89, 93 n. 4 (3d Cir.1986) (citing 5 U.S.C. 556(c)). Like a federal court, the IJ may properly take notice of the declarations in federal statutes. See id. ("Both doctrines [official and judicial notice] allow adjudicators to take notice of commonly acknowledged facts ...."); cf. United States v. Van Buren, 513 F.2d 1327, 1328 (10th Cir.), cert. denied, 421 U.S. 1002 (1975). As a result, the IJ properly officially noticed that diazepam qualified as a controlled substance under federal law.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 The IJ cited to "Section 102 of 21 U.S.C. 801." We can find no such provision. It is apparent to us that the IJ was referring to 21 U.S.C. 802
 
 
 [4]
 Petitioner pleaded guilty to unlawful possession of a controlled substance in January 1992. His merits hearing before the IJ was held in June 1993