UNITED STATES, Appellee,

v.

Specialist Glenn M. BRADLEY, United States Army, Appellant.

ARMY 20080505.

U.S. Army Court of Criminal Appeals.

27 Oct. 2009.

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Bradley Voorhees, JA; Colonel Allen F. Bareford, JA (on brief).

* Judge Stockel took final action in this case prior to her retirement.

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha L. Foss, JA; Major Sara M. Root, JA; Captain James M. Hudson, JA (on brief).

Before CONN, Senior Judge, HOFFMAN, and GIFFORD, Appellate Military Judges.

## OPINION OF THE COURT

HOFFMAN, Judge:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of conspiring to introduce and distribute cocaine and ecstasy on divers occasions,[1] and wrongfully distributing ecstasy and cocaine on divers occasions, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a [hereinafter UCMJ].[2] The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances for twelve months, and reduction to Private E1. This case is before this court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

Appellant alleges his conviction for wrongful distribution of ecstasy, Specification 2 of Charge II, is legally and factually insufficient because the government erroneously omitted "3[,]4" on the charge sheet from the chemical name of ecstasy (3, 4–methylenedioxymethamphetamine).

We agree appellant is entitled to relief but for a reason other than appellant alleges.

We find the evidence factually and legally insufficient for Specification 2 of Charge II and for that portion of the Specification of Charge I which references ecstasy. When a substance is charged under Article 112a(b)(3), UCMJ, 10 U.S.C. § 912a(b)(3), the government must either introduce evidence that the purported substance is listed in 21 U.S.C. § 812 [hereinafter the Controlled Substances Act] or request the trial court take judicial notice of that fact.[3] The government did neither in this case. We will grant relief in our decretal paragraph.

## FACTS

The government's primary evidence at trial supporting appellant's conviction was appellant's own sworn statement. In that statement, appellant admitted he distributed cocaine and ecstasy to another Soldier in "about five deals." Appellant admitted he knew it was illegal to sell narcotics; however, he was having financial difficulties.

The government also called Private (PVT) E1 Christopher M. Carelas and PVT E2 Ryan J. Crane. Privates Carelas and Crane testified they first met appellant at a hotel where they agreed to purchase cocaine and ecstasy from a third party. After driving to a location to purchase the drugs, they all went back to appellant's apartment and "partied." The following day, other Soldiers heard PVTs Carelas and Crane were able to get drugs and PVT Carelas approached appellant about purchasing more cocaine and

---

1. The drug 3, 4–methylenedioxymethamphetamine, also known as ecstasy or MDMA, "is an illegal drug that acts as both a stimulant and psychedelic, producing an energizing effect, as well as distortions in time and perception and enhanced enjoyment from tactile experiences." *See U.S. Drug Enforcement Administration Homepage, Drug Information,* at http://www.usdoj.gov/dea/concern/mdma.html (last visited 8 Oct. 2009); *see also United States v. Fay,* 59 M.J. 747 (C.G.Ct.Crim.App.2004). Since 1988, ecstasy has been a Schedule I controlled substance under federal law. *See generally United States v. Reichenbach,* 29 M.J. 128 (C.M.A.1989) (discussing placement of ecstasy on Schedule I).

2. In addition, appellant was convicted of wrongful introduction of cocaine and ecstasy; however, those specifications were later dismissed by the convening authority.

3. We have considered and rejected the possibility of affirming appellant's conviction for the lesser-included offense of attempted distribution of ecstasy. We recognize lack of evidence that a substance is in fact what it is alleged to be does not negate an accused's intent to attempt to possess or distribute a controlled substance. *See United States v. LaFontant,* 16 M.J. 236 (C.M.A. 1983) (Affirming conviction of a lesser-included offense of attempted possession of LSD where proof of the substance was in fact LSD lacking.); *See also United States v. Lee,* 61 M.J. 627 (C.G.Ct. Crim.App.2005) (Possession of spore that will develop into psilocybin mushrooms sufficient to convict of attempted possession of that controlled substance.) Unlike *LaFontant* and *Lee,* the failure of proof in this case is not appellant's intent to distribute a controlled substance, but proof that ecstasy is in fact a controlled substance under Article 112a, UCMJ.

ecstasy. Privates Carelas and Crane thereafter met appellant at various locations located on Fort Bliss to purchase cocaine and ecstasy from appellant. Private Carelas testified he met with appellant "five or six times" in order to get cocaine or ecstasy for later distribution to other Soldiers.

### Instructions

After presentation of the evidence on the merits, the military judge and counsel held a Rule for Courts–Martial [hereinafter R.C.M.] 802 session to discuss instructions. The military judge then detailed and continued that discussion in an Article 39(a), UCMJ, session:

> DC: The only instruction we would like you to add to the sheet per the discussion in your chambers, the defense believes the government has the burden to prove that methylenedioxymethamphetamine is in fact Ecstasy or that Ecstasy is in fact that substance....

> MJ: I have denied that request.... Whether the government has proven those elements beyond a reasonable doubt or not is a factual matter for the members to determine....

> DC: Understood, sir, and the only other thing is that we had discussed back in the chambers regarding the Schedule I controlled substance issue, and I understand that you have taken that off of ——

> MJ: Right. I will not instruct the members that methylenedioxymethamphetamine is a Schedule I controlled substance under the laws of the United States because I have not taken judicial notice that that is the case.

### Instructions on the Elements of the Offense

For Specification 2 of Charge II the military judge instructed the panel:

> [T]he accused is charged with the offense of distribution of methylenedioxymethamphetamine (Ecstasy), *a Schedule I controlled substance* [emphasis added]. In order to find the accused guilty of this offense, you must be convinced by legal and competent evidence beyond a reasonable doubt:

> That on divers occasions, between on or about 1 January 2008 and on or about 29 February 2008 at or near Fort Bliss, Texas, the accused, distributed some amount, more or less of methylenedioxymethamphetamine (Ecstasy), *a Schedule I controlled substance* [emphasis added];

> That the accused actually knew he distributed the substance;

> That the accused knew that the substance was methylenedioxymethamphetamine (Ecstasy) or of a contraband nature; and

> That the distribution was wrongful.

The military judge did not at any point take judicial notice or instruct the members that ecstasy (MDMA) was a controlled substance, and the government presented no evidence on that issue.

## LAW

### Factual and Legal Sufficiency

Article 66, UCMJ, requires the courts of criminal appeals to conduct a de novo review of the legal and factual sufficiency of each case. *United States v. Washington,* 57 M.J. 394, 399 (C.A.A.F.2002) (citation omitted). The test for legal sufficiency is whether, considering the evidence in the light most favorable to the government, a reasonable fact-finder could have found the essential elements beyond a reasonable doubt. The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the court is convinced of the accused's guilt beyond a reasonable doubt. *United States v. Turner,* 25 M.J. 324, 325 (C.M.A.1987).

This court must base its decision as to legal and factual sufficiency on the basis of the "entire record." *United States v. Adams,* 59 M.J. 367, 372 (C.A.A.F.2004) (quoting Article 66(c), UCMJ). "The review of *findings*—of guilt or innocence—[is] limited to the evidence presented at trial." *United States v. Beatty,* 64 M.J. 456, 458 (C.A.A.F.2007) (citations omitted). "A fact essential to a finding of guilty must appear in the evidence presented on the issue of guilt; it cannot be extracted from evidence presented in other proceedings in the case...."

*United States v. Boland,* 1 M.J. 241, 242 (C.M.A.1975).

### *Judicial Notice*

Military Rule of Evidence [hereinafter Mil. R. Evid.] 201 authorizes a military judge to take judicial notice of adjudicative facts and Mil. R. Evid. 201A authorizes judicial notice of domestic law. Military Rule of Evidence 201A(a) also recognizes that domestic law can be an adjudicative fact if it is a fact of consequence contested at trial. *See United States v. Ayers,* 54 M.J. 85, 90–91 (C.A.A.F. 2000) (when an accused is charged with violation of a general order, the actual order is an adjudicative fact of consequence and may be judicially noticed). The procedural requirements of Mil. R. Evid. 201 apply when a court takes judicial notice of domestic law. *See* Mil. R. Evid. 201A(a). Pursuant to Mil. R. Evid. 201(c) the military judge may take judicial notice, whether requested or not.

### *DISCUSSION*

■ The merits portion of appellant's court-martial contains no evidence that ecstasy is a Schedule I controlled substance, which is an essential element of the offense. The trial counsel did not introduce a copy of the Controlled Substances Act into evidence nor request that the military judge take judicial notice of the statute. Indeed, the military judge affirmatively stated he had not taken judicial notice that ecstasy is a Schedule I controlled substance. While the Charge Sheet (DD Form 458, May 2000) properly alleges the essential fact that ecstasy is a Schedule I controlled substance, the record contains no evidence to support that allegation.

In *United States v. Williams,* 3 M.J. 155, 156 (C.M.A.1977), the Court of Military Appeals (COMA) reversed a conviction of a Soldier for violation of a lawful general regulation by selling marijuana when the record contained no evidence of the Army regulation prohibiting that activity. The COMA declined to take judicial notice of the Army's drug prohibition regulation or to presume the trial judge took judicial notice of the regulation. *Id.* at 156–157. There was no mention at trial and no evidence of the contents of the regulation; the only reference to the regulation was in the specification on the charge sheet.

Similar to *Williams,* the only evidence presented at trial that ecstasy was a controlled substance was its reference on the Charge Sheet. This is not properly admitted evidence for our Article 66, UCMJ, review. *See United States v. Hill,* 39 M.J. 712, 714 (N.M.C.M.R.1993). Ecstasy is neither a named prohibited substance under Article 112a(b)(1), UCMJ, nor has it been listed on any schedule prescribed by the President for the purposes of Article 112a(b)(2), UCMJ. Therefore, in order to convict appellant, the government must prove that ecstasy was a controlled substance on Schedule I within the meaning of Article 112a(b)(3), UCMJ. As a statutory element of the offense, there is no predicate for our court to presume that ecstasy is a Schedule I controlled substance.[4] The government must otherwise prove beyond a reasonable doubt every element of an offense. They failed to do so in this case. *See generally United States v. Burton,* 67 M.J. 150 (C.A.A.F.2009).

■ Evidentiary gaps may not be filled in post-trial by appellate courts when the government fails to make a proper offer of proof at trial. *United States v. Wootton,* 25 M.J. 917, 919 (N.M.C.M.R.1988). When an accused is charged with a drug not otherwise listed by Article 112a, UCMJ, the operative portion of the Controlled Substances Act must be entered into evidence or the court must take judicial notice the charged sub-

---

4. We note appellant's confession to distributing ecstasy was admitted into evidence. That fact, however, only addresses the knowledge element, which may be satisfied by proof of appellant's understanding of a substance's contraband nature. *United States v. Mance,* 26 M.J. 244, 254 (C.M.A.1988). That does not, however, relieve the government of offering evidence on the element that the substance listed in the specification is in fact a controlled substance under Article

112a(b)(3), UCMJ. Similarly, the government may not rely on an inference that ecstasy is a derivative of a named drug such as methamphetamine in 112a(b)(1), since it offered no evidence on that theory. *See Reichenbach,* 29 M.J. 128, 136; *United States v. McCracken,* 67 M.J. 467, 468 (C.A.A.F.2009) ("[a]n appellate court may not affirm an included offense on a theory not presented to the trier of fact." (citations and quotation omitted)).

stance is listed in the Controlled Substances Act. *See e.g. United States v. Wisniewski*, 741 F.2d 138, 142 (7th Cir.1984) (district court properly took judicial notice that the drug was a Schedule I controlled substance); *United States v. Coffman*, 638 F.2d 192, 194–95 (10th Cir.1980) (the district court may instruct the jury that a drug is a controlled substance listed on a particular schedule); *United States v. Gould*, 536 F.2d 216, 219–221 (8th Cir.1976) (trial court properly took judicial notice of fact that cocaine hydrochloride is a Schedule II controlled substance).

## CONCLUSION

There was no evidence in appellant's case demonstrating that ecstasy is a Schedule I controlled substance. Therefore, there is insufficient evidence to support appellant's convictions for wrongful distribution of, or conspiracy to distribute, ecstasy. Accordingly, the finding of guilty to Specification 2 of Charge II is set aside and dismissed. We affirm the finding of guilty to Charge I and its Specification except the words: "and/or wrongful introduction and/or distribution of methylenedioxymethamphetamine (Ecstasy), a schedule I controlled substance" and "and/or methylenedioxymethamphetamine (Ecstasy)."

We have considered the matters personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them without merit. The remaining findings of guilty are affirmed.

As a result of our action on the findings regarding Charge I and Specification 2 of Charge II, we must reassess the appellant's sentence. *See United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986); *United States v. Moffeit*, 63 M.J. 40, 42 (C.A.A.F.2006). We are satisfied that the sentencing landscape in this case has not changed dramatically. *United States v. Buber*, 62 M.J. 476, 479 (C.A.A.F.2006). After reviewing the evidence presented on the merits and on sentencing, we conclude the adjudged sentence for the affirmed offenses—conspiracy to introduce and distribute cocaine on divers occasions and distribution of cocaine on divers occasions—would have been at least the same as that adjudged by the members and approved by the convening authority. *Id.* at 478.

Senior Judge CONN and Judge GIFFORD concur.