UNITED STATES, Appellee

v.

Charles W. PAUL, Airman
U.S. Air Force, Appellant

No. 14-0119

Crim. App. No. S32025

United States Court of Appeals for the Armed Forces

Argued March 4, 2014

Decided May 29, 2014

BAKER, C.J., delivered the opinion of the Court in which
ERDMANN, STUCKY, RYAN, and OHLSON, JJ., joined.

<u>Counsel</u>

For Appellant:  Captain Christopher James (argued); Major Zaven
T. Saroyan (on brief).

For Appellee:  Captain Matthew J. Neil (argued); Colonel Don M.
Christensen, Lieutenant Colonel C. Taylor Smith, and Gerald R.
Bruce, Esq. (on brief)


Military Judge:  Jeffrey A. Ferguson


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Chief Judge BAKER delivered the opinion of the Court.

Airman Charles W. Paul was convicted by a military judge, contrary to his plea, of one specification of using ecstasy in violation of Article 112a of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2012).[1]  The adjudged and approved sentence included a bad-conduct discharge, five months of confinement, and reduction to E-1.  Appellant argued before the United States Air Force Court of Criminal Appeals (CCA) that the evidence was legally insufficient to support his conviction on the ecstasy charge.  The CCA affirmed, holding that a reasonable factfinder could have found the essential elements beyond a reasonable doubt.  United States v. Paul, No. ACM S32025, 2013 CCA LEXIS 747, at *2, *10 (A.F. Ct. Crim. App. Aug. 23, 2013)  In doing so, the CCA took judicial notice of the fact that ecstasy is a Schedule I controlled substance.  Paul, 2013 CCA LEXIS 747, at *10.

We granted review on the following issue:

> WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED
> WHEN IT TOOK JUDICIAL NOTICE OF AN ELEMENT OF A CHARGE
> IN VIOLATION OF GARNER v. LOUISIANA, 368 U.S. 157
> (1961) AND MILITARY RULE OF EVIDENCE (MRE) 201(c).

---

[1] Appellant was also charged with two specifications of violating an order by smoking spice (Article 92, UCMJ, 10 U.S.C. § 892 (2012)); one specification of using marijuana (Article 112a, UCMJ); and one specification of soliciting fellow servicemembers to disobey a general order by smoking spice (Article 134, UCMJ, 10 U.S.C. § 934 (2012)).  He pled guilty to smoking spice and was convicted by the military judge, contrary to his pleas, of the remaining charges.

We conclude that the evidence presented at trial was not legally sufficient to support a conviction for using 3,4-methylenedioxymethamphetamine in violation of Article 112a, UCMJ. We further hold that the CCA erred in taking judicial notice of a missing element of the crime charged.

BACKGROUND

Appellant was charged with one specification of using 3,4-methylenedioxymethamphetamine on diverse occasions. The specification read:

> In that AIRMAN CHARLES W. PAUL, United States Air Force, 355th Aircraft Maintenance Squadron, Davis-Monthan Air Force Base, Arizona, did, at or near Tucson, Arizona, on diverse occasions between on or about 1 June 2011 and on or about 31 July 2011, wrongfully use 3,4-methylenedioxymethamphetamine, a Schedule I controlled substance, commonly known as Ecstasy, Ex or E.

Appellant was tried before a military judge alone at Davis-Monthan Air Force base in Arizona on January 4 and 5, 2012. As part of the prosecution's case, a civilian witness, Holly Kern, testified that she had seen Appellant using ecstasy in his apartment on two separate occasions during the charged time period. Ms. Kern described the tablets, explained her role in procuring them, and detailed the drug's effects when she took the same pills herself. In addition, she testified to seeing Appellant put the substance into his mouth under the belief that

3

it was ecstasy.  The Government also admitted into evidence several text messages sent from Appellant's phone[2] stating:

> I'm gonna reward myself with some e tonight.

> Hey grab me 4 rolls[3] when you get yours. . . . I'm being a designated driver tonight so I need some E.

> [We] are excited about rolling. . . . We aren't gonna have any of my military friends over here for obvious reasons.

Though the charge sheet stated that Appellant did "wrongfully use 3,4-methylenedioxymethamphetamine, a Schedule I controlled substance, commonly known as Ecstasy," and in closing argument, the Government used a slide that read, "Accused used 3,4-methylenedioxymethamphetamine, commonly known as Ecstasy, Ex or E," the Government did not enter anything into evidence indicating that Ecstasy is in fact 3,4-methylenedioxymethamphetamine.[4]  The military judge granted the Government's motion to take judicial notice of a general order prohibiting use, possession, distribution, or purchase of spice. However, the military judge did not take judicial notice of anything else.

---

[2] The messages were obtained by investigators through a consensual search of Appellant's phone.

[3] Ms. Kern testified that "rolls" and "rolling" are common slang associated with ecstasy use.

[4] As discussed below, ecstasy is not listed in Schedule I.

The military judge convicted Appellant of all charges, including use of ecstasy.  Appellant appealed to the CCA, arguing that the evidence was legally insufficient to support the ecstasy conviction.  The CCA stated that "[t]he fact that Ecstasy is a Schedule I controlled substance is an essential element of the offense charged" and agreed that no evidence of this fact was introduced at trial.  It rejected the notion that the military judge did or was entitled to take judicial notice, sub silentio, that ecstasy is a Schedule I controlled substance.  However, noting that "judicial notice in this case involves a question of domestic law rather than an adjudicative fact," and that "there is no question that Ecstasy is a Schedule I controlled substance under the laws of the United States," the CCA decided to take "the extraordinary step of judicially noticing domestic law on appeal."  The CCA determined that, had the Government requested that the military judge take judicial notice of this fact, the military judge would have done so.  The CCA approved the findings and the sentence of the military judge.

DISCUSSION

## Legal Sufficiency

Before ruling on the granted issue, we first address the threshold question raised by Appellant before the CCA:  Was the

5

United States v. Paul, No. 14-0119/AF

evidence presented at trial legally sufficient to support the

ecstasy conviction?

The test for legal sufficiency is "'whether, after viewing

the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt.'"  United States v.

Oliver, 70 M.J. 64, 68 (C.A.A.F. 2011) (quoting Jackson v.

Virginia, 443 U.S. 307, 319 (1979)).  Article 112a, UCMJ, has

two related elements:  (1) use of a controlled substance, that

is (2) wrongful.  The term "controlled substance" is defined in

Article 112(a), UCMJ, in three ways:  (1) by what is listed in

the text of the article, (2) through reference to a schedule as

prescribed by the President, and (3) through reference to

Schedules I through V of the Controlled Substances Act.[5]  As

_____

[5] Specifically, Article 112a, UCMJ, provides:

> (a) Any person subject to this chapter who wrongfully
> uses, possesses, manufactures, distributes . . . a
> substance described in subsection (b) shall be
> punished as a court-martial may direct.

> (b) The substances referred to in subsection (a) are
> the following:

>> (1) Opium, heroin, cocaine, amphetamine, lysergic
>> acid diethylamide, methamphetamine,
>> phencyclidine, barbituric acid, and marijuana and
>> any compound or derivative of any such substance.

>> (2) Any substance not specified in clause (1)
>> that is listed on a schedule of controlled

stated in the specification, 3,4-methylenedioxymethamphetamine is a Schedule I controlled substance.  The substance 3,4-methylenedioxymethamphetamine is also commonly referred to as ecstasy.

The problem in the present case, as the CCA observed, is that the Government did not offer evidence at trial that Appellant used 3,4-methylenedioxymethamphetamine, that 3,4-methylenedioxymethamphetamine is a controlled substance, or that 3,4-methylenedioxymethamphetamine is commonly referred to as ecstasy.  To the contrary, the Government offered legally sufficient evidence that Appellant used "ecstasy."  Ecstasy is neither a named prohibited substance under Article 112a, nor has it been listed on any schedule prescribed by the President.  Schedule I does not list ecstasy by name, or link the term to 3,4-methylenedioxymethamphetamine.  See 21 C.F.R. § 1308.11 (2013).  Nowhere did the Government -- through expert testimony, through stipulation on the part of Appellant, or through requesting that the military judge take judicial notice -- establish that ecstasy and 3,4-methylenedioxymethamphetamine are

---

substances prescribed by the President for the purposes of this article.

(3) Any other substance not specified in clause (1) or contained on a list prescribed by the President under clause (2) that is listed in schedules I through V of section 202 of the Controlled Substances Act (21 U.S.C. 812).

the same thing. Nor did the military judge indicate that he was taking judicial notice of this on his own motion. In short, the Government's evidence did not make the essential connections among ecstasy, 3,4-methylenedioxymethamphetamine, and Schedule I.

As a result, no rational trier of fact could have found an essential element of the charged offense beyond a reasonable doubt, namely that Appellant used a Schedule I controlled substance.

Judicial Notice

The question raised by the granted issue is whether the CCA could take judicial notice of a fact necessary to establish an element of the offense that the Government failed to establish at trial. This Court reviews questions of law de novo. United States v. Springer, 58 M.J. 164, 167 (C.A.A.F. 2003).

Judicial notice is regulated by Military Rules of Evidence (M.R.E.) 201 and 202:[6]

Rule 201. Judicial Notice of Adjudicative Facts

(a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

---

[6] Executive Order 13643, issued on May 15, 2013, contains the current version of M.R.E. 201 and M.R.E. 202. Since the CCA issued its decision on August 23, 2013, we apply this most recent version. Exec. Order No. 13,643, 78 Fed. Reg. 29,561 (May 21, 2013).

(b) <u>Kinds of Facts that May Be Judicially Noticed</u>:  The military judge may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known universally, locally, or in the area pertinent to the event; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned

(c) <u>Taking Notice</u>. The military judge:

(1) may take judicial notice whether requested or not; or

(2) must take judicial notice if a party requests it and the military judge is supplied with the necessary information.

The military judge must inform the parties in open court when, without being requested, he or she takes judicial notice of an adjudicative fact essential to establishing an element of the case.

(d) <u>Timing</u>. The military judge may take judicial notice at any stage of the proceeding.

(e) <u>Opportunity to Be Heard</u>. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  If the military judge takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

(f) <u>Instructing the Members</u>. The military judge must instruct the members that they may or may not accept the noticed fact as conclusive.

Rule 202.  Judicial Notice of Law

(a)  <u>Domestic Law</u>. The military judge may take judicial notice of domestic law.  If a domestic law is a fact that is of consequence to the determination of the action, the procedural requirements of Mil. R. Evid. 201 -- except Rule 201(f) -- apply.

9

United States v. Paul, No. 14-0119/AF

As a threshold matter, we affirm that an appellate court can take judicial notice of law and fact under certain circumstances. M.R.E. 201 mentions only the military judge when outlining the proper procedure for taking judicial notice. However, case law is well settled that both military and civilian appellate courts may take judicial notice of indisputable facts. In Heller v. New York, for example, a case concerning the seizure of film reels in an obscenity case, the Supreme Court took judicial notice of the fact that such films "may be compact, readily transported for exhibition in other jurisdictions, easily destructible, and particularly susceptible to alteration." 413 U.S. 483, 493 (1973). In addition, the Notes of Advisory Committee on Rules for Fed. R. Evid. 201 state that "judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal." Although the M.R.E. does not contain a similar note, this Court has consistently recognized the ability of appellate courts to take judicial notice of indisputable facts. In United States v. Williams, for example, despite finding that the jurisdictional questions at issue in the case were disputable, the Court stated that "[w]e are convinced, however, that this Court is entitled to take judicial notice of indisputable facts." 17 M.J. 207, 214 (C.M.A. 1984).[7]

---

[7] See also United States v. Erickson:

The problem in this case is that the CCA took the "extraordinary step" of taking judicial notice of an element not proven by the Government. The CCA justified this step, in part, by noting that it was taking judicial notice of a question of domestic law and not an adjudicative fact. However, this analysis fails for two reasons. First, whether characterized as a question of fact or law, M.R.E. 201 in this case would require that the Appellant first have notice and an opportunity to be heard. On adjudicative facts this is always the case. Id. However, as M.R.E. 202 states, it is also the case "[i]f a domestic law is a fact that is of consequence to the determination of the action." Second, and related, the CCA took judicial notice of an element of the offense.[8]

---

Appellant has provided no information on appeal that would undermine the validity of his acknowledgement at trial as to the harmful effects of inhalation of nitrous oxide. On the contrary, we take judicial notice of the fact that a number of states have recognized the harmful effects by criminalizing inhalation of nitrous oxide.

61 M.J. 230, 233 (C.A.A.F. 2005).

[8] The issue before the CCA might have been framed as a question of indisputable adjudicative fact: Are ecstasy and 3,4-methylenedioxymethamphetamine the same substance? It might also have been framed, as the CCA chose to interpret it, as a question of domestic law: Is ecstasy a statutorily regulated Schedule I controlled substance for the purposes of Article 112a, UCMJ?

United States v. Paul, No. 14-0119/AF

It is a fundamental principle of due process that in order to prove its case, the government must present evidence at trial supporting each element of the charged offenses beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). Further, "[t]he review of findings -- of guilt or innocence -- [is] limited to the evidence presented at trial." United States v. Beatty, 64 M.J. 456, 458 (C.A.A.F. 2007) (citation omitted). "A fact essential to a finding of guilty must appear in the evidence presented on the issue of guilt; it cannot be extracted from evidence presented in other proceedings in the case." United States v. Boland, 1 M.J. 241, 242 (C.M.A. 1975).

In Garner v. Louisiana, the Supreme Court made clear these principles apply to the taking of judicial notice on appeal:

> To extend the doctrine of judicial notice to the length pressed by the respondent would require us to allow the prosecution to do through argument to this Court what it is required by due process to do at the trial, and would be "to turn the doctrine into a pretext for dispensing with a trial." Furthermore, unless an accused is informed at the trial of the facts of which the court is taking judicial notice, not only does he not know upon what evidence he is being convicted, but, in addition, he is deprived of any opportunity to challenge the deductions drawn from such notice or to dispute the notoriety or truth of the facts allegedly relied upon.

368 U.S. 157, 173, (1961) (citation omitted).[9] When judicial notice of an element is taken outside the context of the trial

---

[9] The issue granted in this case references the CCA's alleged violation of the Supreme Court's decision in Garner. However, we do not find Garner on point for two reasons. First, Garner

12

itself, the defendant is denied his due process right to confront or challenge an essential fact establishing an element, whether or not the fact is indisputable.

Thus, even if, as asserted by the CCA, "there is no question that Ecstasy is a Schedule I controlled substance under the laws of the United States" and "had the Government requested the military judge to take judicial notice that Ecstasy is a Schedule I controlled substance at trial, the military judge would have done so, even over a possible objection by the defense" an accused is entitled to have each element of the charged crime established at trial. Paul, 2013 CCA LEXIS 747, at *10.

This conclusion is consistent with longstanding case law. In United States v. Williams, we reviewed the appellant's convictions for larceny, in violation of Article 121, UCMJ, 10 U.S.C. § 921, and sale of marijuana in violation of Article 92, UCMJ (disobeying a general order). 3 M.J. 155, 156 (C.M.A. 1977). At trial, before a military judge alone, the government

---

addressed whether a higher court can assume that the trial court took judicial notice of a fact rather than the right of the higher court to take judicial notice of that fact. Garner, 368 U.S. 157 at 173. In United States v. Irvin, this Court dismissed the notion that a military judge could take judicial notice "'by implication'" and neither party is arguing before this Court that the military judge did so in this case. 21 M.J. 184, 186 (C.M.A. 1986). Secondly, unlike in this case, the question in Garner -- the state of racial tensions and relations in the South -- concerned a matter of subjective judgment open to dispute. Garner, 368 U.S. at 173.

13

failed to introduce into evidence a copy of the regulation the appellant had allegedly violated or to request that the military judge take judicial notice of the regulation. Id. Nor was there any indication that the military judge took judicial notice of the regulation on his own motion. Id. This Court found that, absent proof of this element of the crime, the record was legally insufficient to warrant conviction, stating that "[c]learly where the matter to be judicially noticed is essential to the case in order for the act to become criminal, it must be reflected in the record of trial and cannot be later assumed." Id. (citation omitted). Rather than opting to take judicial notice of the regulation itself, this Court found that:

> Judicial notice is a procedure for the adjudication of certain facts or matters without the requirement of formal proof. It cannot, however, be utilized as a procedure to dispense with establishing the government's case. Absent clear indication on the record that the trial judge properly judicially noticed a regulation in a prosecution for a violation of Article 92(1), we must hold that the judge did not have before him any evidence that what the accused did was a crime. . . .
>
> . . . .
>
> As the evidence of record is legally insufficient to sustain a finding of guilty of failure to obey a lawful general regulation, we are required to dismiss that charge.

Id. at 157 (citations omitted). Like the regulation at issue in Williams, the fact that ecstasy is a Schedule I controlled substance is an essential element that was not established in

14

the Government's case, let alone proved beyond a reasonable doubt.[10]

As a result, we hold that while a CCA might generally take judicial notice of an undisputed fact or question of domestic law that is important to the resolution of an appellate issue, it cannot take judicial notice of facts necessary to establish an element of the offense.

## DECISION

The decision of the United States Air Force Court of Criminal Appeals is reversed as to Specification 1 of Charge II and the sentence. The finding of guilty to Specification 1 of

---

[10] We note as well that the position is consistent with the Army Court's handling of a similar issue. In United States v. Bradley, the Army CCA faced a set of facts almost identical to those set forth in this case and reached a conclusion identical to that in Williams. 68 M.J. 556, 557, 560 (A. Ct. Crim. App. 2009). Among other charges, the appellant was convicted, contrary to his pleas, of wrongfully distributing ecstasy on divers occasions in violation of Article 112a, UCMJ. Id. However, during the merits part of the court-martial, the government offered no evidence that ecstasy was a Schedule I controlled substance, nor did it request that the military judge take judicial notice of this fact. Citing Williams, the Army CCA found that:

> As a statutory element of the offense, there is no predicate for our court to presume that ecstasy is a Schedule I controlled substance. The government must otherwise prove beyond a reasonable doubt every element of an offense. They failed to do so in this case.
>
> Evidentiary gaps may not be filled in post-trial by appellate courts when the government fails to make a proper offer of proof at trial.

Id. (footnote and citations omitted).

Charge II is set aside and the specification is dismissed.  The decision as to the remaining findings of guilty is affirmed. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for reassessment of the sentence.