# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Airman CHARLES W. PAUL**
**United States Air Force**

**ACM S32025 (rem)**

**05 August 2014**

Sentence adjudged 5 January 2012 by SPCM convened at Davis-Monthan Air Force Base, Arizona. Military Judge: Jeffrey A. Ferguson (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 5 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Erika L. Sleger; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

UPON REMAND

This opinion is subject to editorial correction before final release.

PER CURIAM:

This case is before us on remand from our superior court. The appellant was tried on 4–5 January 2012 by a military judge alone sitting as a special court-martial. The military judge accepted the appellant's pleas of guilty (with certain exceptions) to two specifications of violating lawful general orders by using spice. Contrary to the appellant's pleas, the military judge convicted the appellant of wrongfully using ecstasy, wrongfully soliciting other Airmen to disobey a general order by using spice, and wrongfully using marijuana. The appellant's convictions represented violations of Articles 92, 112a, and 134, UCMJ, 10 U.S.C. §§ 892, 912a, 934. The military judge

sentenced the appellant to a bad-conduct discharge, confinement for 5 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

We previously affirmed the findings and sentence in an unpublished decision. *United States v. Paul*, ACM S32025 (A.F. Ct. Crim. App. 23 August 2013) (unpub. op.). We held that the appellant's conviction of divers use of ecstasy was legally sufficient even though the Government introduced no evidence that ecstasy is a Schedule I controlled substance, as charged in the specification. We held that under the facts of this case, we could judicially notice that ecstasy is a Schedule I controlled substance, thereby rendering the appellant's conviction for divers use of ecstasy legally sufficient.

On 29 May 2014, the Court of Appeals for the Armed Forces reversed our decision as to the ecstasy use charge and specification, set aside the finding as to that specification, and dismissed the specification.[1] The Court affirmed the remaining findings and remanded the case to us for reassessment of the appellant's sentence. *United States v. Paul*, 73 M.J. 274, 280 (C.A.A.F. 2014).

*Sentence Reassessment*

In light of our superior court's decision to set aside and dismiss the ecstasy use charge and specification, we now must decide whether we can accurately reassess the appellant's sentence, or whether we must return this case for a sentence rehearing. This Court has "broad discretion" in deciding whether it may reassess a sentence to cure error. *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013). A court of criminal appeals may reassess a sentence "if the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Moffeit*, 63 M.J. 40, 41 (C.A.A.F. 2006) (quoting *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986)). In making this determination, we consider factors such as whether dramatic changes have occurred in the penalty landscape and exposure, whether the appellant chose sentencing by members or a military judge alone, whether the nature of the remaining offenses capture the gravamen of criminal conduct included within the original offenses or whether significant aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses, and whether the remaining offenses are of the type that we have the experience and familiarity with to reliably determine what sentence would have been imposed at trial. *Winckelmann*, 73 M.J. at 15-16. We may only reassess a sentence if we "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991).

We are confident that we can accurately reassess the appellant's sentence. At this special court-martial, the set aside and dismissal of the ecstasy use specification does not

---

[1] The Specification of Charge II.

alter the maximum imposable sentence to confinement. The appellant elected sentencing by a military judge alone. "As a matter of logic, judges of the courts of criminal appeals are more likely to be certain of what a military judge would have done as opposed to members." *Winckelmann*, 73 M.J. at 16. The remaining offenses are well within our experience and quite familiar to us, allowing us to reliably determine what sentence would have been imposed at trial.

The remaining offenses of disobeying general orders by using spice, soliciting others to use spice, and using marijuana also fairly capture the gravamen of the appellant's criminal conduct. We recognize that the appellant's use of ecstasy added a degree of aggravation to his other drug-related offenses. However, the focus of the Government's sentencing case was on the spice use (which was far more extensive than the appellant's two-time ecstasy use), and on his solicitation of other Airmen to join him in using spice. The most aggravating factor the Government introduced was the appellant's cavalier attitude toward his drug use and its effect on his military career. This evidence would have been admissible regardless of the outcome of the ecstasy use specification. While we believe that the set aside and dismissal of the ecstasy use specification could have had some impact on the severity of the sentence adjudged, we have a high degree of confidence that the impact of the ecstasy use specification was minimal compared with the remaining offenses.

Applying the criteria set forth in *Winckelmann*, we are confident that, in the absence of the charge and specification involving ecstasy use, the military judge would have imposed a sentence of at least a bad-conduct discharge, confinement for 4 months, and reduction to E-1. We reassess the sentence accordingly. We also find, after considering the appellant's character, the nature and seriousness of the offenses, and the entire record, the reassessed sentence is appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

## *Conclusion*

The remaining findings and the sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[2] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[2] The court-martial order (CMO) contains formatting and typographical errors. The special court-martial order (SPCMO) information should appear on the first line of the second page of the CMO and include the date of the order. The CMO also incorrectly states that mandatory forfeitures were waived for a period of 4 months instead of 2. We have considered these clerical errors and determined they are not prejudicial; however, we order a corrected CMO. *See* Air Force Instruction 51-201, *Administration of Military Justice*, ¶¶ 10.6, 10.10 (6 June 2013).

Accordingly, the remaining findings and the sentence, as reassessed, are

AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court