# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant LUIS R. CORRAL**
**United States Army, Appellant**

ARMY 20121031

Headquarters, U.S. Army Training Center and Fort Jackson
Stephen Castlen and David H. Robertson, Military Judges
Lieutenant Colonel Eric K. Stafford, Acting Staff Judge Advocate (pretrial)
Colonel Steven B. Weir, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major John K. Choike, JA; Major Alison L. Gregoire, JA (on brief).

15 August 2014

------------------------------------
SUMMARY DISPOSITION
------------------------------------

LIND, Senior Judge:

An panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of five specifications of violation of a lawful general regulation, five specifications of maltreatment of subordinates, one specification of abusive sexual contact, two specifications of indecent acts, one specification of forcible sodomy, one specification of assault consummated by a battery, and one specification of adultery in violation of Articles 92, 93, 120, 125, 128, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892, 893, 920, 925, 928, 934 (2006 and Supp. V 2012). The members sentenced appellant to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with 73 days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant avers, inter alia, that when acting on appellant's request for deferment and waiver and when taking action in appellant's case, the convening authority was engaged in misconduct similar to that of appellant and was not acting in an impartial manner in appellant's case. Appellant requests this court set aside the action and return the record of trial to a new convening authority for post-trial review and clemency. We hold that a new review and action is warranted in this case.

Appellant was a drill sergeant at Fort Jackson, South Carolina. His convictions involve illegal associations with five trainees; maltreatment by sexually harassing the same five trainees; forcible sodomy and adultery with one of the trainees; abusive sexual contact with another trainee; indecent acts with two of the trainees; and assault consummated by a battery against one of the trainees by grabbing her shirt and kissing her.

Appellant's case was referred on 21 June 2012. Action was taken on 22 March 2013. Throughout this time, Brigadier General (BG) Bryan T. Roberts acted as the convening authority in appellant's case. On 29 November 2012, BG Roberts denied: (1) appellant's request for deferment of adjudged and automatic forfeitures, reduction in rank, and confinement, and (2) appellant's request for waiver of automatic forfeitures.

Appellant has asked the court to consider published accounts of an Army announcement that BG Roberts was suspended as commander of the Army Training Center on 21 May 2013 based on a preliminary investigation by Army Criminal Investigation Command (CID) into alleged adultery and assault by BG Roberts.[1] Appellant has also asked us to consider a redacted report of investigation (ROI) of BG Roberts by the U.S. Army Inspector General Agency (DAIG) dated 16 September 2013 substantiating that BG Roberts engaged in two inappropriate relationships with

---

[1] The government does not concede that the facts in the admitted publications are accurate, however, the government does not dispute that BG Roberts was suspended from command on 21 May 2013 pending investigation into alleged adultery and assault. We are permitted to take judicial notice of indisputable facts important to resolve appellate issues. *United States v. Paul*, 73 M.J. 274, 278 (C.A.A.F. 2014) (citing *United States v. Williams*, 17 M.J. 207, 214 (C.M.A. 1984)). We take judicial notice the BG Roberts was suspended from command on 21 May 2013 pending investigation into alleged adultery and assault.

civilian subordinates between December 2010 and February 2013 and improperly used government resources.[2]

We do not find that any additional inquiry into BG Roberts's misconduct is necessary to resolve this case. The Air Force Court of Criminal Appeals' predecessor addressed a similar situation where a convening authority took action in cases involving sexual misconduct while he was under investigation for sexual misconduct. *See United States v. Gregg*, ACM 28848, 1991 WL 85323 (A.F.C.M.R. 18 Apr. 1991) (per curiam).[3] In these cases, the Air Force Court of Military Review in "an abundance of caution over the need to preserve the appearance of propriety in the military justice system" recognizing "the effect of the consciousness of one's own misbehavior might influence decisions about the misbehavior of others" set aside the convening authority action and remanded the case for a new recommendation and action by a different convening authority.[4] *United States v. Kroop*, 34 M.J. 628, 630-32 (A.F.C.M.R. 1992) (opinion on further review); *see Gregg*, 1991 WL 85323; *United States v. Moore*, ACM 28290, 1992 WL 153607, at *1 (A.F.C.M.R. 15 Jun. 1992) (opinion on further review).

Unlike *Gregg*, *Kroop*, and *Moore*, the similarities between appellant's misconduct and that of BG Roberts are less clear. The gravamen of the misconduct in appellant's case is forcible sodomy, sexual assault, and sexual harassment of trainees in a cadre/training environment. In contrast, there was no allegation of non-consensual *sexually* assaultive behavior by BG Roberts. Nonetheless, both appellant's misconduct and that of BG Roberts involve sexual misconduct and

---

[2] The ROI states that on 13 February 2013, CID received a complaint of an assault by BG Roberts and began its investigation. The complainant told CID she was in a sexual relationship with BG Roberts from May 2011 to 13 February 2013 and that BG Roberts had assaulted her. The ROI further states that following a 2 August 2013 CID final report, BG Roberts received non-judicial punishment under Article 15, UCMJ, for assault, adultery, and conduct unbecoming an officer.

[3] In *Gregg*, the Air Force Court of Military Review joined three cases involving this same issue: *Gregg*, *United States v. Kroop* (ACM 28424), and *United States v. Moore* (ACM 28290). *Gregg*, 1991 WL 85323, at *1.

[4] In *Kroop* and *Moore*, the Air Force Court of Criminal Appeals rejected the contention that the collateral misconduct of the convening authority disqualified him from referring the case or selecting or impact his selection of members for the court-martial. *Kroop*, 34 M.J. at 632-33; *Moore*, 1992 WL 153607, at *4; *see also United States v. Robertson*, ARMY 9700500, 1999 WL 35021399, at *1 (Army Ct. Crim. App. 22 Jul. 1999) (mem. op.).

inappropriate relationships with subordinates and assaultive behavior. Brigadier General Roberts's misconduct occurred, at least in part, contemporaneous with his denial of appellant's requests for deferment and waiver. Furthermore, the CID investigation into BG Roberts's sexual relationship with and assaults of the complainant was ongoing when he took action in appellant's case. Under the unique facts of this case, we also find it necessary to exercise an abundance of caution to preserve the public's confidence in the fairness and integrity of the military justice system.

## CONCLUSION

The action of the convening authority dated 22 March 2013 is set aside. The record of trial is returned to the Judge Advocate General for a new action by a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4